THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

PATRICK HEURTELOU,   **JURY TRIAL DEMANDED**

          Plaintiff,

vs.

AMERICAN TIRE DISTRIBUTORS, INC,

_____/

COMES NOW, plaintiff PATRICK HEURTELOU ("plaintiff") by his undersigned counsel, Law Offices of Michael E. Zapin (Michael E. Zapin, Esq.) sues the defendant AMERICAN TIRE DISTRIBUTORS, INC. ("defendant") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") seeking redress and appropriate relief for the unlawful employment practices of the defendant in creating a racially-based hostile work environment and respectfully sets forth the following:

## I.   JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-5(f)(1) for discriminatory treatment (hostile work environment) of the plaintiff by the defendant based on the plaintiff's race, and further invoked pursuant to 28 U.S.C. § 1331 because plaintiff's claims arise under the laws of the United States. This Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue is proper in this district since defendant resides in this district, 28 U.S.C. § 1391(b)(1) and a substantial part of the events giving rise to the plaintiff's claims occurred within this district, 28 U.S.C. § 1391(b) (2).

## II.    PARTIES

3. Plaintiff Patrick Heurtelou is an African-American male, otherwise *su juris*, residing in the State of Florida, County of Miami-Dade.

4. Defendant American Tire Distributors, Inc. is a foreign corporation, duly authorized to conduct business in the State of Florida, with a principal place of business located at 11700 Miramar Pkwy #600, Miramar, FL 33025.

## III.    INVOCATION AND EXHAUSTION OF ADMINISTRATIVE REMEDY

5. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about 6/13/2019. True copy of same annexed hereto as **Exhibit "A."**

6. On or about Tuesday January 21, 2020, plaintiff received the EEOC's Dismissal and Notice of Right to Sue letter dated 12/19/19 ("Right to Sue" letter).  True copy of same annexed hereto as **Exhibit "B."**

7. As a result of plaintiff never having received the Right to Sue letter at the time of its issuance, on or about January 17, 2020 the EEOC notified plaintiff that it was going to resend the original letter via certified mail and to "keep your envelope with the certified mail information."   See 1/17/20 email communication from EEOC's Investigator, Katherine Gonzalez, annexed as Exhibit **"C"** along with copy of EEOC's certified mail envelope postmarked January 27, 2020 annexed hereto as **Exhibit "D."**

8. Accordingly, the within action has been timely commenced within 90 days of plaintiff's actual receipt of said letter.

## COUNT I:

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

9. Above paragraphs 1 through 8 are incorporated herein as though more fully set forth at length.

10. In or about October of 2015, defendant hired plaintiff as a delivery driver, responsible for loading, transporting, and delivering tires between defendant and its customers.

11. Plaintiff was a competent, reliable driver and well-liked employee both by management and staff, working within an environment that was civil, friendly and professional.

12. In or around the early part of 2018, upon information and belief, defendant transferred one of its supervisors, one Brian Ashley ("Sup. Ashley") from its Kentucky division to its Miramar division where plaintiff was employed.

13. Almost immediately upon Sup. Ashley's transfer, his dislike and prejudice against African-Americans, Spanish and Latinos became obvious to those employees that were under Sup. Ashley's supervision and regularly constrained to interact with him.

14. On multiple occasions Sup. Ashley would make racially charged derogatory "jokes" at plaintiff's expense, in the presence of others, such as "everybody hide your wallets," whenever plaintiff walked into a place of gathering at the workplace.

15. Plaintiff did not condone the racially charged comments, complained to Sup. Ashley and complained to his immediately managers, driver-manager Willie and warehouse manager Avilio about the inappropriate jokes.

16. On regular occasions, Sup. Ashley would demean plaintiff and others by using the term "you people" in a condescending manner, when speaking directly to plaintiff about plaintiff and when speaking to plaintiff about other minority groups of truck drivers and managers, often complaining that he could not understand "their way" of speaking and (referring to plaintiff as part of that group) "you people all have your own language."

17. Plaintiff did not condone these additional racially charged comments by Sup. Ashley, plaintiff directed Sup. Ashley to cease from making such comments, and again complained to his immediately managers, driver-manager Willie and warehouse manager Avilio.

18. As a result of plaintiff's complaints, plaintiff suffered repercussions at the hands of defendant, through its Sup. Ashley, which manifested in two distinctive ways:

    a. Sup. Ashley initially reduced the time of all drivers from working 5-day, 12-hour shifts (Monday through Friday), to working 4-day 12-hour shifts. Thereafter, Sup. Ashley pressured plaintiff to give up one of his regular 12-hour days, in exchange for working on Saturdays, which was a meager 4-hour shift. Saturday was the least desired day of the week for drivers, since the 4-hour shift would avoid significant overtime pay. Plaintiff refused to give up one of his full 12-hour workdays.

b. Upon information and belief, defendant, through Sup. Ashley tried to pressure plaintiff into giving up a regular 12-hour day, to make the job less desirable to plaintiff, in the hope that plaintiff would resign over it.

c. In response to plaintiff's refusal, on or about April 17, 2019, Sup. Ashley fabricated a complaint - *purportedly by a concerned motorist*- claiming that plaintiff was driving his truck with his tag visible to the concerned motorist *(as a means of identifying plaintiff as the driver)*, and that the rear gate to plaintiff's truck was unsecured, flapping up and down, creating a dangerous risk that product might fall off the truck and onto the road.  When plaintiff later proved that the facts as alleged were not possible, due to the truck being a newer model with advanced safety features that only allow the rear gate to be in a fully-opened or fully-closed position, a fact that was validated by warehouse manager Willie and several other drivers that were in the work place vicinity when plaintiff returned from his shift, plaintiff was terminated, notwithstanding the sham nature of the complaint.

19. That the condescending and racially charged language and off-colored jokes plaintiff suffered by defendant, through defendant's supervisor, Sup. Ashley, caused plaintiff to suffer great humiliation, distress and embarrassment in the company of other workplace employees.

20. That the dislike of plaintiff by defendant through its Sup. Ashley on account of plaintiff's race, was the sole motivator to create a hostile and intolerable workplace environment and unacceptable working conditions for the plaintiff, hoping that same would lead to plaintiff voluntarily resigning from his position.

5

21. When plaintiff persevered, defendant wrongfully terminated plaintiff based on the forgoing wrongful conduct.

**WHEREFORE**, for all of the forgoing reasons, on the basis of the violations asserted herein, plaintiff respectfully demands:

a. Declaratory relief that the practices described in this complaint have created a hostile work environment in violation of 42 U.S.C. § 2000e et seq.;

b. Compensatory damages to redress the injuries he suffered as a result of the defendant's unlawful conduct, including but not limited to economic loss, humiliation, embarrassment, mental and emotional distress, anxiety, and the deprivation of his rights to work in an environment free from harassment based on plaintiff's race;

c. Punitive damages;

d. Reasonable attorneys' fees and costs of suit, and

e. Such other and further relief this Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury on all counts of the complaint.

DATED: APRIL 27, 2020

_____
Michael E. Zapin, Esq.
Fl. Bar No. 0037264
Law Offices of Michael E. Zapin
20283 State Road 7, Suite 400
Boca Raton, FL 33498
Tel. 561.367.1444
michaelEzapin@gmail.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>510-2019-04617 |
|---|---|---|

Florida Commission On Human Relations                                                                 and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Patrick G Heurtelou | Home Phone<br>(754) 244-3115 | Year of Birth<br>1978 |
|---|---|---|

Street Address: 2261 S. Sherman Circle,   City, State and ZIP Code: MIRAMAR, FL 33025

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>AMERCAN TIRE DISTRIBUTORS | No. Employees, Members<br>501+ | Phone No.<br>(954) 874-9410 |
|---|---|---|

Street Address: 11700 Miramar Pakway,   City, State and ZIP Code: MIRAMAR, FL 33025

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address                                                                                 City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)
[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[ ] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-15-2019   Latest: 03-15-2019
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I am Black. I worked for the above named Employer since October 5, 2016, as a Truck Driver. I was one of the top performer and was never disciplined. I was terminated on or about March 15, 2019, because of my race.

II. Brian Ashley(White), District Manager said a customer reported my back truck door was open. This is not true. I advised Mr. Ashley that my truck door was not open and the tag is not visible when the truck door is open. HR then said I was fired because they had to look into my file. Since Mr. Ashley started about 3 months ago he's fired 5 Black Drivers with only one violation. However, Miguel Tejeda (White), Truck Driver had 2 violations within his first 90 days and he was not fired.

III. I believe the Employer discriminated against me in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Patrick Heurtelou on 06-13-2019 01:24 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

Exhibit "A"

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.





**FROM**                                              **TO**

Name:

Phone:              Fax:                              8448387436

E-mail:   TLC105Copier@tirehub.com

Sent:  2/8/20           at:  10:29:37 AM              3   page(s) (including cover)

Subject:   Message from

Comments:

# Exhibit "B"

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Patrick G. Heurtelou<br>2261 S. Sherman Circle<br>Miramar, FL 33025 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-04617 | Katherine E. Gonzalez,<br>Investigator | (305) 808-1766 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*[signature]*  DEC 19 2019

Michael J. Farrell,
District Director

*(Date Mailed)*

Enclosures(s)

cc:
AMERICAN TIRE DISTRIBUTORS
c/o Sherril Colombo, Esq.
Little Mendelson
333 SE 2nd Ave., Ste 2700
Miami, FL 33131

**Exhibit "B"**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10* -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Exhibit "B"

On Fri, Jan 17, 2020 at 10:29 AM Patrick Heurtelou <patrickheurtelou78@gmail.com> wrote:

> ---------- Forwarded message ---------
> From: **KATHERINE GONZALEZ** <KATHERINE.GONZALEZ@eeoc.gov>
> Date: Fri, Jan 17, 2020, 9:34 AM
> Subject: RE: Patrick Heurtelou v. American Tire Distributors/ 510-2019-04617
> To: Patrick Heurtelou <patrickheurtelou78@gmail.com>
>
>
> Mr. Heurtelou:

# Exhibit "C"

I spoke with the Director and we will be re-sending you the original Right To Sue via certified mail. However, keep in mind that it is the original document so we cannot make any changes to it. You have 90 days to file in court from the date of receipt , so be sure you keep your envelope with the certified mail information. You should be receiving it within the next few days.

Let me know if you have any questions.

Katherine Gonzalez

**From:** Patrick Heurtelou <patrickheurtelou78@gmail.com>
**Sent:** Thursday, January 16, 2020 10:00 AM
**To:** KATHERINE GONZALEZ <KATHERINE.GONZALEZ@EEOC.GOV>
**Subject:** Re: Patrick Heurtelou v. American Tire Distributors/ 510-2019-04617

I just recently hired him a couple days ago

On Wed, Jan 8, 2020, 3:28 PM KATHERINE GONZALEZ <KATHERINE.GONZALEZ@eeoc.gov> wrote:

> I will look into it. It has to come in the mail.
>
> **From:** Patrick Heurtelou <patrickheurtelou78@gmail.com>
> **Sent:** Wednesday, January 08, 2020 2:45 PM
> **To:** KATHERINE GONZALEZ <KATHERINE.GONZALEZ@EEOC.GOV>
> **Subject:** Re: Patrick Heurtelou v. American Tire Distributors/ 510-2019-04617
>
> Wow I never got any notice my address is 2261 South Sherman Circle Miramar Florida 33025 Apartment A 510 can you please send me over a copy via email I would really appreciate it and you can send the other copy to the address I provided I really appreciate it thank you
>
> On Wed, Jan 8, 2020, 2:39 PM KATHERINE GONZALEZ <KATHERINE.GONZALEZ@eeoc.gov> wrote:
>
>> Good Afternoon:
>>
>> Thank you for your message. A decision was made and you were issued the Notice of Right to Sue on 12/19/2019. Please confirm your address.
>>
>> **From:** Patrick Heurtelou <patrickheurtelou78@gmail.com>
>> **Sent:** Wednesday, January 08, 2020 2:35 PM
>> **To:** KATHERINE GONZALEZ <KATHERINE.GONZALEZ@EEOC.GOV>
>> **Subject:** Re: Patrick Heurtelou v. American Tire Distributors/ 510-2019-04617
>>
>> Hello Katherine this is Patrick hurdle ooh I'm sorry to bother you but I have not heard anything back from anyone from the EEOC I am trying to find out what is going on with the case can you please give me some type of update if you can and again I'm sorry to bother you have a great day
>>
>> On Wed, Oct 23, 2019, 9:54 AM Patrick Heurtelou <patrickheurtelou78@gmail.com> wrote:

Exhibit "C"

And to also reply to the attendance warning I was given that warning was rescinded by the head of HR her name was Charlemagne she has since resigned but William May is still in corporate he was part of that investigation and he will also testify that that warning was rescinded because I have to go to court and I showed court papers so it was taken away those warning should not exist and if you contact Ovielo the supervisor they mentioned he will tell he told me Brian is on his ass please just sign it so he will leave me alone

On Wed, Oct 23, 2019, 9:50 AM Patrick Heurtelou <patrickheurtelou78@gmail.com> wrote:

> No I don't have anything else I just want to thank you for looking into this matter for me. A lot of the drivers are still presently working at ATD so if you need to contact them I'm sure ATD will not be afraid to give you the information he held a group meeting the day after I was terminated I'm not a criminal nor have I ever been violent at that job or have I ever threatened anyone at that job everyone there will tell you I was a breath of fresh air he advised everyone in the meeting that if I was seen around the property to notify the police immediately I I am a single father raising three kids a fifteen-year-old a 13 year old and a 10 year old girl I would never ever do anything to jeopardize my freedom I did not understand that I was never given the opportunity to collect my belongings or say bye to my coworkers for almost four years Henry Rodriguez one of the witnesses I mention you can call him he is still presently a driver at ATD and he will tell you everything that occurred that day and you will see that it was racially charged we only have four black drivers on the fleet at that time and 14 other Latino drivers they say they knew it was me but they contacted all four black drivers to ask the same question. Thank you ma'am I look forward to hearing from you in the future have a great day

On Wed, Oct 23, 2019, 9:16 AM KATHERINE GONZALEZ <KATHERINE.GONZALEZ@eeoc.gov> wrote:

> Mr. Heurtelou:
>
> Did you still want to discuss anything with me? Thanks.
>
> **From:** Patrick Heurtelou <patrickheurtelou78@gmail.com>
> **Sent:** Wednesday, October 23, 2019 12:42 AM
> **To:** KATHERINE GONZALEZ <KATHERINE.GONZALEZ@EEOC.GOV>
> **Subject:** Re: Patrick Heurtelou v. American Tire Distributors/ 510-2019-04617
>
> Good morning mrs. Gonzalez first I would like to thank you for finally being the one to look into this matter first I want to start off by telling you my company American Tire the company I was in love with everyone in that place new I was going to be there for the next 20 years that was my favorite slogan first I want you to know that our warnings are counted by the start of the year once the year's over warnings don't count anymore you start all over again coaching is not a warning. Mr. Brian Ashley from the moment he arrived at ATD he started to make sure he established he was the boss he put in a lot of pressure on all Latino workers and black workers he repeatedly made jokes to me one-on-one and always use the term those people he always complain to me how he could not understand Mr avilio Alonzo's way of speaking because he was Latino and he had a deep accent avilio and Willie are two Latino managers who were put in place before Brian Ashley was transferred to the ATD Branch he came from the Kentucky Branch he's from Kentucky once he got to ATD he kept on making it hard for all of the employees especially the Latino workers he always made jokes that were racially charged and always used the term you people I would walk in the room and he would say hide your wallets like I was a criminal I never found it funny and I never laughed with him about it mister Ashley on the particular day when they talk about the customer calling and saying that my door was open my door was never open and I never said that the customer or the witness in the street as far as the person who is driving what's lying I said the manager was lying first point was they called four drivers to ask if their door was open four African-American drivers which was me Michael June Henry Rodriguez who is a very dark-skinned Dominican who looks black and a new driver they hired name Sylvester they asked all four of us if our doors were open in four separate phone calls they give us a special phones so if you check the day in question and ask for the phone records you will see that all four of us was called and asked that question I proceeded to tell Brian Ashley no it was not me and then they tried to use the fact that the customer said that my tag number was visible I have one of the new model trucks or I had truck 6 77595 if you check the truck you will see that my back door does not flap up and down once up it's all

Exhibit "C"

the way up and you cannot see the tag once I told them that I did not get a response then when I got back to the warehouse I proceeded to show the manager Willie who was the warehouse manager at the time and everyone at the dock laughed because no one could see my tagged while the door was up I am the only owner of that truck before I was terminated I know the truck better than anybody Brian Ashley was motivated to get me out of there for his own personal reasons when I questioned HR about the decision of my termination they told me I was not even written a warning for that door situation I was being terminated cuz they had to look into it I've never heard that before but as far as mr. Avilio goes you can please contact him through ATD he has since resigned because of racial treatment from Bryan Ashley he also has a lawsuit pending the other warehouse manager Willie has also resigned because of unfair treatment under Brian Ashley Henry Rodriguez was threatened for calling an telling me that willie told him brian said i got him hes gone b4 hr even made a decision once i called to ask him he said he had to call me back then he called henry in the office and threatened his job his number is 305 647 9636 he is still an employee he is still a driver he's the one who told me that he was one of the people that they call to ask if the door was open we have a system on our trucks called fleetmatics we all have key fobs that connects you to the truck that you're driving so they know where you are at all times there's no reason why they called for black drivers to ask if the door was open and when I told him it wasn't me That's when they came with the. Tag thing and once I told them you cannot see my tag when my door is open everyone got quiet the racial environment in atd has been going on very strong since the day Brian Ashley took over he is fired over five black guys and and for Latinos who he claims he could not understand every time he spoke about them our 17-year veteran Arturo who also has a lawsuit pending was wrongfully terminated and I can testify to Brian Ashley telling me he wants me to take over the Orlando route because he doesn't feel that they can understand Arturo in Orlando because of his heavy Spanish accent. But he did the job for the past two years before Ashley arrived. I turned him down and so did for other drivers Michael June Henry Rodriguez and Dimitri you can question all three of those men they are still employed by ATD and they will explain to you the racial nature of Brian Ashley's ways at ATD

On Mon, Oct 21, 2019, 3:29 PM Patrick Heurtelou <patrickheurtelou78@gmail.com> wrote:

> Ok thank you...
>
> On Mon, Oct 21, 2019, 3:28 PM KATHERINE GONZALEZ <KATHERINE.GONZALEZ@eeoc.gov> wrote:
>
>> Hello,
>>
>> I will not be back in the office until Wednesday. You may email me Wednesday morning and I will call you as soon as I can.
>>
>> **From:** Patrick Heurtelou <patrickheurtelou78@gmail.com>
>> **Sent:** Monday, October 21, 2019 12:45 PM
>> **To:** KATHERINE GONZALEZ <KATHERINE.GONZALEZ@EEOC.GOV>
>> **Subject:** Re: Patrick Heurtelou v. American Tire Distributors/ 510-2019-04617
>>
>> Hello ma'am is there a number I can contact you to ask you a couple questions before I reply
>>
>> On Mon, Oct 21, 2019, 12:07 PM KATHERINE GONZALEZ <KATHERINE.GONZALEZ@eeoc.gov> wrote:
>>
>>> Via Email Only
>>>
>>> 10/21/2019

Exhibit "C"

Good Afternoon:

Enclosed with this letter is a copy of the Respondent's Position Statement *(no attachments are included)*.  **By accepting these documents, you agree that you will only share the contents with persons in a privileged relationship to you, such as a spouse, clergy, or legal, medical or financial advisor.**

This is your opportunity to provide additional information you feel is relevant to support your charge. If you would like to respond to what the Respondent says in its Position Statement, please do so no later than **November 11, 2019.**

There is no specific format required for your response.  If you respond in writing, be sure to include your charge number on your correspondence. If you disagree with any of the information the Respondent has submitted, please point out specifically what you believe is incorrect and explain what you believe to have happened. Also, please give us any additional evidence or information that you have not already provided that you believe supports your case.  For example, if applicable, identify any additional witnesses, their contact information, and a brief summary of what you think they will say.

Any information you provide will be taken into consideration during the investigation of your charge.  We encourage you to contact us promptly with your response.  Our address is listed in the letterhead and my email address is katherine.gonzalez@eeoc.gov.  My direct telephone number is 305-808-1766 and I am available Monday through Friday 8:30 am to 3:00 p.m.

Sincerely,


Katherine Gonzalez



Exhibit "C"


